## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| AMBER C. SCARFFOL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 7:16-cv-1943-MHH-GMB |
| | ) | |
| PATRICIA BRADLEY, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

On May 21, 2019, the previously assigned magistrate judge entered a report in which he recommended that the Court deny petition Amber Scarffol's § 2241 habeas petition because Ms. Scarffol did not exhaust administrative remedies before she filed her petition, and those administrative remedies no longer are available to Ms. Scarffol. (Doc. 15). Judge Putnam advised the parties of their right to file specific written objections within 14 days. (Doc. 15). The Court has not received objections to the report.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Having reviewed and considered the relevant materials in the record, the Court adopts the magistrate judge's report and accepts his recommendation. Accordingly, the Court will deny Ms. Scarffol's petition for failure to exhaust administrative remedies and dismiss this action with prejudice because those remedies are not available now to Ms. Scarffol.[1]

A separate order will be entered.

**DONE** this 9th day of October, 2019.

MADELINE HUGHES HAIKALA
UNITED STATES DISTRICT JUDGE

---

[1] The Court reiterates the magistrate judge's discussion regarding the current state of precedent concerning exhaustion of remedies in § 2241 habeas matters. The magistrate judge explained:

> The court notes that the Supreme Court's discussion of exhaustion of administrative remedies in *Woodford v. Ngo*, 548 U.S. 81, 83-84, 93 (2006), was limited expressly to the statutory exhaustion required by the Prison Litigation Reform Act provision at 42 U.S.C. § 1997e(a). The Eleventh Circuit has held this provision does not apply to § 2241 habeas petitions. *Watkins v. Haynes*, 445 Fed. App'x 181, 183-84 (11th Cir. 2011) (citing *Skinner v. Wiley*, 355 F.3d 1293, 1294-95 (11th Cir. 2004)); *see also, Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015). Nevertheless, the court of appeals has cited to *Woodford*, albeit in an unpublished decision, for guidance with respect to what it means to "properly" exhaust an administrative remedy in § 2241 cases. *See Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016) ("In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91, 126 S. Ct. 2378, 2386, 165 L.Ed.2d 368 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act).").

(Doc. 15, p. 13 n.4).